# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI EASTERN DIVISION

Dama L. Jaycox, and
Naser Al-Masalmeh,

Plaintiffs,

v.

GC Services Limited Partnership – Delaware, d/b/a GC Services,

Serve Registered Agent:
CT Corporation System
120 South Central Ave.
St. Louis, MO 63105

and

Tanya L. Christmann,

Serve at POE:
GC Services
111 Westport Plaza, Suite 425
St. Louis, MO 63146

Defendants.

Case No.

*JURY TRIAL DEMANDED*

## COMPLAINT

The Complaint of Dama L. Jaycox and Naser Al-Masalmeh, by their attorneys, Consumer Law Advocates and Mitchell B. Stoddard, is as follows:

## INTRODUCTION

1. This is an action for actual, statutory and punitive damages brought by individual consumers for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("the FCRA"), which requires credit reporting agencies and furnishers of credit information to adopt reasonable procedures and/or investigate disputed information

contained in a consumer credit report, in order to insure the fair and accurate reporting of consumer credit information.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over the Defendants pursuant to the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. This Court has venue pursuant to 28 U.S.C. § 1391(b), in that Plaintiffs' injury occurred in this judicial district.

## PARTIES

4. Plaintiffs are natural persons currently residing in St. Louis County, Missouri. Plaintiffs are "consumers" within the meaning of the FCRA.

5. Defendant GC Services Limited Partnership - Delaware, d/b/a GC Services, (hereinafter "GC Services") is a Delaware corporation in good standing that collects debts from consumers and regularly obtains "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

6. Defendant Tanya L. Christmann (hereinafter "Christmann") is a natural person and resident of St. Charles County, Missouri. At all relevant times herein, Christmann was an employee of GC Services and had authority to obtain consumer reports (or "credit reports") on behalf of GC Services.

## STATEMENT OF FACTS

7. At all relevant times herein, Christmann was the girlfriend of Robert Brian Jaycox, the ex-husband of Plaintiff, Dama Jaycox.

8. Further at all relevant times herein, Dama Jaycox had custody of the couples' two children, Alyssa Jaycox and Alexis Jaycox, ages ten and four respectively.

9. Further at all relevant times herein, Plaintiffs Dama Jaycox and Naser Al-Masalmeh were boyfriend and girlfriend, and had been seeing each other for several months.

10. On or about February 26, 2006, Dama Jaycox went to pick up her girls from her ex-husband after the girls had completed their visitation period for that weekend. At the time Dama Jaycox picked up the girls, she was not aware that her ex-husband had learned she was seeing Plaintiff Naser Al-Masalmeh.

11. When Plaintiff Dama Jaycox encountered her ex-husband, he was angry and informed her that he knew all about her relationship with Nasser. He then handed Dama some rolled up documents and told her: "I'm going to be part of your life forever" and "I've been doing background checks on you and Naser and I know all about your affairs."

12. When Dama later read the documents that were given to her by her ex-husband, she realized that her ex-husband had obtained copies of both her and Nasser's Experian credit reports.

13. Plaintiffs have since obtained separate copies of their Experian credit reports, and have learned that GC Services made a credit inquiry about them and requested copies of their credit reports on February 21, 2006.

14. Upon information and belief, Christmann obtained Plaintiffs' credit reports from Experian during the regular course of her employment with GC Services, and then gave the credit reports to Dama's ex-husband.

15. Christmann did not have Plaintiffs' permission to obtain their credit reports at the time she requested them.

## COUNT I – WILLFUL NONCOMPLIANCE AS TO GC SERVICES

For Count I of their Complaint, Plaintiffs state to this honorable Court as follows:

16. Plaintiffs reallege the allegations of paragraphs 1 through 15 as if fully set forth herein.

17. GC Services, as the employer of Christmann, held out Christmann to credit reporting agencies, including Experian, as having authority to obtain copies of Plaintiffs' credit reports.

18. Christmann obtained Plaintiffs' credit reports from Experian while acting within the usual and customary course of business on behalf of GC Services.

19. Experian relied on Christmann's apparent authority when it issued Plaintiffs' credit reports to GC Services on or about February 21, 2006.

20. Christmann did not have Plaintiffs' permission to obtain their credit reports.

21. Christmann did not obtain Plaintiffs' credit reports for any of the purposes enumerated in 15 U.S.C. § 1681b, and Christmann therefore violated 15 U.S.C. § 1681b(f).

22. Christmann willfully failed to comply with 15 U.S.C. § 1681b, and thus is liable to Plaintiffs pursuant to 15 U.S.C. § 1681n.

23. Christmann's liability under 15 U.S.C. § 1681n may be imputed to GC Services based on Christmann's apparent authority.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against GC Services for:

    A. Actual damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n(a);

    B. Such punitive damages as the Court may allow; and

C. Such further equitable relief as the Court deems just and proper.

## COUNT II – WILLFUL NONCOMPLIANCE AS TO CHRISTMANN

For Count II of their Complaint, Plaintiffs state to this honorable Court as follows:

24. Plaintiffs reallege the allegations of paragraphs 1 through 15 as if fully set forth herein.

25. Christmann, based on her employment position with GC Services, had apparent authority to obtain Plaintiffs' credit reports from Experian.

26. Christmann obtained Plaintiffs' credit reports from Experian while acting within the usual and customary course of business on behalf of GC Services.

27. Christmann did not have Plaintiffs' permission to obtain their credit reports.

28. Christmann did not obtain Plaintiffs' credit reports for any of the purposes enumerated in 15 U.S.C. § 1681b, and Christmann therefore violated 15 U.S.C. § 1681b(f).

29. Christmann willfully failed to comply with 15 U.S.C. § 1681b, and thus is liable to Plaintiffs pursuant to 15 U.S.C. § 1681n.

**WHEREFORE,** Plaintiffs respectfully request that judgment be entered against Christmann for:

A. Actual damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n(a);

B. Such punitive damages as the Court may allow; and

C. Such further equitable relief as the Court deems just and proper.

## COUNT III – NEGLIGENT NONCOMPLIANCE AS TO GC SERVICES

For Count III of their Complaint, Plaintiffs state to this honorable Court as follows:

30. Plaintiffs reallege the allegations of paragraphs 1 through 15 as if fully set forth herein.

31. GC Services, as the employer of Christmann, held out Christmann to credit reporting agencies, including Experian, as having authority to obtain copies of Plaintiffs' credit reports.

32. Christmann obtained Plaintiffs' credit reports from Experian while acting within the usual and customary course of business on behalf of GC Services.

33. Experian relied on Christmann's apparent authority when it issued Plaintiffs' credit reports to GC Services on or about February 21, 2006.

34. Christmann did not have Plaintiffs' permission to obtain their credit reports.

35. Christmann did not obtain Plaintiffs' credit reports for any of the purposes enumerated in 15 U.S.C. § 1681b, and Christmann therefore violated 15 U.S.C. § 1681b(f).

36. Christmann negligently failed to comply with 15 U.S.C. § 1681b, and thus is liable to Plaintiffs pursuant to 15 U.S.C. § 1681o.

37. Christmann's liability under 15 U.S.C. § 1681o may be imputed to GC Services based on Christmann's apparent authority.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against GC Services for:

    A. Actual damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o;

    B. Such further equitable relief as the Court deems just and proper.

COUNT IV – NEGLIGENT NONCOMPLIANCE AS TO CHRISTMANN

For Count IV of their Complaint, Plaintiffs state to this honorable Court as follows:

38. Plaintiffs reallege the allegations of paragraphs 1 through 15 as if fully set forth herein.

39. Christmann, based on her employment position with GC Services, had apparent authority to obtain Plaintiffs' credit reports from Experian.

40. Christmann obtained Plaintiffs' credit reports from Experian while acting within the usual and customary course of business on behalf of GC Services.

41. Christmann did not have Plaintiffs' permission to obtain their credit reports.

42. Christmann did not obtain Plaintiffs' credit reports for any of the purposes enumerated in 15 U.S.C. § 1681b, and Christmann therefore violated 15 U.S.C. § 1681b(f).

43. Christmann negligently failed to comply with 15 U.S.C. § 1681b, and thus is liable to Plaintiffs pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against Christmann for:

A. Actual damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o; and

B. Such further equitable relief as the Court deems just and proper.

Mitchell B. Stoddard, # 4472
Consumer Law Advocates
11330 Olive Boulevard, Suite 222
St. Louis, Missouri 63141
(314) 692-2001 *tel*
(314) 692-2002 *fax*
E-Mail: mbs@clalaw.com

Attorneys for Plaintiffs