# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI EASTERN DIVISION

| | |
|---|---|
| DAMA L. JAYCOX, and NASER AL-MASALMEH, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 06-CV-481 ) |
| GC SERVICES LIMITED PARTNERSHIP and TANYA L. CHRISTMANN, | ) ) ) ) |
| Defendants. | ) ) |

## ANSWERS TO COMPLAINT

NOW COMES Defendant GC SERVICES LIMITED PARTNERSHIP, ("GCS"), by and through its attorney, Ashley L. Narsutis, and for its answer to complaint, states as follows:

### INTRODUCTION

1.  This is an action for actual, statutory and punitive damages brought by individual consumers for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq*. ("The FCRA"), which requires credit agencies and furnishers of credit information to adopt reasonable procedures and/or investigate disputed information contained in a consumer credit report, in order to insure the fair and accurate reporting of consumer credit information.

**ANSWER:  GCS admits that plaintiff's complaint purports to be an action for actual, statutory and punitive damages brought by individuals for violations of the FCRA. GCS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph as to plaintiffs' status as "consumers."  GCS denies that the above summary of the FCRA adequately restates the law and therefore GCS denies the remaining allegations contained within this paragraph.  GCS specifically denies**

**that it violated the FCRA or any law, denies liability and denies that plaintiffs are entitled to any damages.**

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over the Defendants pursuant to the FCRA, 15 U.S.C. § 1681 and U.S.C. § 1331.

**ANSWER:** **GCS admits that plaintiff's complaint is brought pursuant to a federal statute. GCS denies any remaining allegations contained within this paragraph.**

3. This Court has venue pursuant to 28 U.S.C. § 1391(b), in that Plaintiffs' injury occurred to this judicial district.

**ANSWER:** **GCS denies that this is either an accurate statement of law or fact and therefore denies the allegations in this paragraph. GCS specifically denies that plaintiffs sustained any injuries.**

## PARTIES

4. Plaintiffs are natural persons currently residing in St. Louis County, Missouri Plaintiffs are "consumers" within the meaning of the FCRA.

**ANSWER:** **GCS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

5. Defendant GC Services Limited Partnership – Delaware, d/b/a GC Services, (hereinafter "GC Services") is a Delaware corporation in good standing that collects debts from consumers and regularly obtains "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

**ANSWER:** **GCS admits that GC Services Limited Partnership is registered as a Delaware corporation. GCS denies that the entity described as: "– Delaware, d/b/a GC Services, (hereinafter "GC Services")" is a Delaware corporation. GCS admits it is in good**

standing.  GCS admits that it collects debt.  GCS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph due to the vagueness of the use of the terms "consumers and regularly obtains."

6. Defendant Tanya I. Christmann (hereinafter "Christmann") is a natural person and resident of St. Charles County, Missouri.  At all relevant times herein, Christmann was an employee of GC Services and had authority to obtain consumer reports (or "credit reports") on behalf of GC Services.

**ANSWER:** **GCS denies that Tanya I. Christmann had authority to obtain plaintiffs' credit reports.  GCS denies that Tanya L. Christmann is currently an employee of GCS.  GCS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.**

## STATEMENT OF FACTS

7. All relevant times herein. Christmann was the girlfriend of Robert Brian Jaycos the ex-husband of Plaintiff, Dama Jaycox.

**ANSWER:** **GCS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

8. Further at all relevant times herein, Dama Jaycox had custody of couples' two children, Alyssa Jaycox and Alexis Jaycox, ages ten and four respectively.

**ANSWER:** **GCS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

9. Further at all relevant times herein, Plaintiffs Dama Jaycox and Naser Al-Masalmeh were boyfriend and girlfriend, and had been seeing each other for several months.

**ANSWER:** **GCS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

10. On or about January 26, 2006, Dama Jaycox went to pick up her girls from her ex-husband after the girls had completed their visitation period for that weekend. At the time Dama Jaycox picked up the girls, she was not aware that her ex-husband had learned she was seeing Plaintiff Naser Al-Masalmeh.

**ANSWER:    GCS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

11. When Plaintiff Dama Jaycox encountered her ex-husband, he was angry and informed her that he knew all about her relationship with Naser. He then handed Dama some rolled up documents and told her "I'm going to be part of your life forever" and "I've been doing background checks on your and Naser and I know all about your affairs."

**ANSWER:    GCS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

12. When Dama later read the documents that were given to her by her ex-husband she realized that her ex-husband had obtained copies of both her and Naser's Experian credit reports.

**ANSWER:    GCS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

13. Plaintiffs have since obtained separate copies of their Experian credit reports and have learned that GC Services made a credit inquiry about them and requested copies of their credit reports on February 21, 2006.

**ANSWER:    GCS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

6096729v1 864701

14. Upon information and belief, Christmann obtained Plaintiffs' credit reports from Experian during the regular course of her employment with GC Services, and then gave the credit reports to Dana's ex-husband.

**ANSWER:** **GCS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

15. Christmann did not have Plaintiffs' permission to obtain their credit reports at the time she requested them.

**ANSWER:** **GCS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

### COUNT I – WILLFUL NONCOMPLIANCE AS TO GC SERVICES

16. Plaintiffs reallege the allegations of paragraphs 1 through 15 as if fully set forth herein.

**ANSWER:** **GCS restates its answers and denials to paragraphs 1 through 15.**

17. GC Services, as the employer of Christmann, held out Christmann to credit reporting agencies, including Experian, as having authority to obtain copies of Plaintiffs' credit reports.

**ANSWER:** **Denied.**

18. Christmann obtained Plaintiffs' credit reports from Experian while acting within the usual and customary course of business on behalf of GC Services.

**ANSWER:** **Denied.**

19. Experian relied on Christmann's apparent authority when it issued Plaintffs' credit reports to GC Services on or about February 21, 2006.

**ANSWER:** **Denied.**

20. Christmann did not have Plaintiffs' permission to obtain their credit reports.

5

**ANSWER:** GCS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

21. Christmann did not obtain Plaintiffs' credit reports for any of the purposed enumerated in 15 U.S.C. § 1681b, and Christmann therefore violated 15 U.S.C. § 1681b(f).

**ANSWER:** GCS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.  GCS denies violating the FCRA and denies it is liable to plaintiffs.

22. Christmann willfully failed to comply with 15 U.S.C. §1681b, and thus is liable to Plaintiffs pursuant to 15 U.S.C. § 1681n.

**ANSWER:** GCS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.  GCS denies violating the FCRA and denies it is liable to plaintiffs.

23. Christmann's liability under 15 U.S.C. § 1681n may be imputed to GC Services based on Christmann's apparent authority.

**ANSWER:** Denied.

### COUNT II – WILLFUL NONCOMPLIANCE AS TO CHRISTMANN

24. Plaintiffs reallege the allegations of paragraphs 1 through 15 as fully set forth herein.

**ANSWER:** GCS restates its answers and denials to paragraphs 1 through 15.

25. Christmann, based on her employment position with GC Services, had apparent authority to obtain Plaintiffs' credit reports from Experian.

**ANSWER:** Denied.

26. Christmann obtained Plaintiffs' credit reports from Experian while acting within the usual and customary course of business on behalf of GC Services.

6

**ANSWER:** **Denied.**

27.     Christmann did not have Plaintiffs' permission to obtain their credit reports.

**ANSWER:**    **GCS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

28.     Christmann did not obtain Plaintiffs' credit reports for any of the purposes enumerated in 15 U.S.C. § 1681b, and Christmann therefore violated 15 U.S.C. § 1681b(f).

**ANSWER:**    **GCS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.  GCS denies violating the FCRA and denies it is liable to plaintiffs.**

29.     Christmann willfully failed to comply with 15 U.S.C. § 1681b, and thus is liable to Plaintiffs' pursuant to 15 U.S.C. § 1681n.

**ANSWER:**    **GCS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.  GCS denies violating the FCRA and denies it is liable to plaintiffs.**

### COUNT III -  NEGLIGENT NONCOMPLIANCE AS TO GC SERVICES

30.     Plaintiffs reallege the allegations of paragraphs 1 through 15 as if fully set forth herein.

**ANSWER:**    **GCS restates its answers and denials to paragraphs 1 through 15.**

31.     GC Services, as the employer of Christmann, held out Christmann to credit reporting agencies, including Experian, as having authority to obtain copies of Plaintiffs' credit reports.

**ANSWER:**    **Denied.**

32.     Christmann obtained Plaintiffs' credit reports from Experian while acting within the usual and customary course of business on behalf of GC Services.

6096729v1 864701

**ANSWER:** **Denied.**

33.     Experian relied on Christmann's apparent authority when it issued Plaintiffs' credit reports to GC Services on or about February 21, 2006.

**ANSWER:** **GCS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

34.     Christmann did not have Plaintiffs' permission to obtain their credit reports.

**ANSWER:** **GCS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

35.     Christmann did not obtain Plaintiffs' credit reports for any of the purposes enumerated in 15 U.S.C. § 1681b, and Christmann therefore violated 15 U.S.C. § 1681b(f).

**ANSWER:** **GCS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.  GCS denies violating the FCRA and denies it is liable to plaintiffs.**

36.     Christmann negligently failed to comply with 15 U.S.C. § 1681b, and thus is liable to Plaintiffs pursuant to 15 U.S.C. § 1681o.

**ANSWER:** **GCS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.  GCS denies violating the FCRA and denies it is liable to plaintiffs.**

37.     Christmann's liability under 15 U.S.C. § 1681o may be imputed to GC Services based on Christmann's apparent authority.

**ANSWER:** **Denied.**

### COUNT IV – NEGLIGENT NONCOMPLIANCE AS TO CHRISTMANN

38.     Plaintiffs reallege the allegations of paragraphs 1 through 15 as if fully set forth herein.

6096729v1 864701

**ANSWER:** **GCS restates its answers and denials to paragraphs 1 through 15.**

39. Christmann, based on her employment position with GC Services, had apparent authority to obtain Plaintiffs' credit reports from Experian.

**ANSWER:** **Denied.**

40. Christmann obtained Plaintiffs' credit reports from Experian while acting within the usual and customary course of business on behalf of GC Services.

**ANSWER:** **Denied.**

41. Christmann did not have Plaintiffs' permission to obtain their credit reports.

**ANSWER:** **GCS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph. GCS denies violating the FCRA.**

42. Christmann did not obtain Plaintiffs' credit reports for any of the purposes enumerated in 15 U.S.C. § 1681b, and Christmann therefore violated 15 U.S.C. § 1681b(f).

**ANSWER:** **GCS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph. GCS denies violating the FCRA and denies it is liable to plaintiffs.**

43. Christmann negligently failed to comply with 15 U.S.C. § 1681b, and thus is liable to Plaintiffs pursuant to 15 U.S.C. § 1681o.

**ANSWER:** **GCS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph. GCS denies violating the FCRA and denies it is liable to plaintiffs.**

6096729v1 864701

WHEREFORE, GCS respectfully requests that this court enter judgment in favor of GCS and against plaintiffs on all claims asserted by plaintiffs and for such other relief as this court deems just and appropriate.

**FIRST AFFIRMATIVE DEFENSE**

For its First Affirmative Defense, GCS states that any violation of the FCRA, which GCS denies occurred, was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error. GCS maintained procedures designed to avoid and prevent errors which might slip through procedures aimed at good faith compliance.

**SECOND AFFIRMATIVE DEFENSE**

For its Second Affirmative Defense, GCS states that plaintiff fails to state a claim pursuant to §1681 of FCRA or any other section.

Respectfully submitted,
GC SERVICES L.P.


By:_____/s/Ashley L. Narsutis_____
         One of their attorneys


Ashley L. Narsutis, 123368
HINSHAW & CULBERTSON LLP
701 Market Street, Suite 1300
St. Louis, MO 63101-1843
(314) 241-2600 Phone
(314) 241-7428 Fax

6096729v1 864701

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 8, 2006, I electronically filed **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

**Kevin J. Kasper**
kevinkasper@sbcglobal.net

**Mitchell B. Stoddard**
mbs@clalaw.com

                                                                         By:   /s/Melissa M. Regan
                                                                                     Melissa M. Regan

6096729v1 864701