IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAMA L. JAYCOX, and NASER AL-MASALMEH, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 4:06CV481 CDP ) |
| GC SERVICES LIMITED PARTNERSHIP and TANYA L. CHRISTMANN, | ) ) ) ) |
| Defendants. | ) ) |

### RULE 13(G) CROSS-CLAIM FOR INDEMNIFICATION

NOW COMES Defendant GC SERVICES LIMITED PARTNERSHIP, ("GCS"), by and through its attorneys, Hinshaw & Culbertson LLP and Ashley L. Narsutis, pursuant to Fed. R. Civ. P. 13(g), and for its Cross-Claim against co-defendant, TANYA L. CHRISTMANN, ("CHRISTMANN"), states as follows:

1. This Court already has jurisdiction over the parties and issues in this case and this cross-claim needs no new grounds of jurisdiction to support it.

2. The original action in this case is a complaint for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), alleged against GCS and CHRISTMANN. (*See* Plaintiffs' Complaint ¶ 1.)

3. Plaintiffs allege that CHRISTMANN illegally obtained plaintiffs' credit reports from Experian, while employed at GCS, and then gave the credit reports to her boyfriend, Robert Brian Jaycox. (*See* Plaintiffs' Complaint ¶¶ 7, 14.)

4. Plaintiffs allege that CHRISTMANN did not have a permissible purpose for obtaining plaintiffs' credit reports and thus violated the FCRA. (*See* Plaintiffs' Complaint at Counts II & IV.)

5. Plaintiffs have also alleged that GCS is liable, under the FCRA, as CHRISTMANN's employer, for CHRISTMANN's conduct. (*See* Plaintiffs' Complaint at Counts I & III.)

6. While GCS denies violating the FCRA, GCS hereby cross-claims against CHRISTMANN, pursuant to Fed. R. Civ. P. 13(g), as CHRISTMANN is liable to GCS should GCS be found liable to plaintiffs for any damages.

7. GCS did not authorize nor did GCS have any knowledge of CHRISTMANN's conduct in regard to plaintiffs.

8. CHRISTMANN was acting on her own behalf and for her own personal reasons in obtaining plaintiffs' credit reports.

9. Therefore, indemnification is warranted in this case wherein CHRISTMANN is alleged to be an "active" or "primary" wrongdoer and GCS is alleged to be a "passive" or "secondary" wrongdoer. *Yolay v. City of Alexandria Employees Credit Union, Inc.*, 827 F.2d 967 (4th Cir. 1987).

WHEREFORE, should GCS be found liable to plaintiffs in this case, GCS demands that judgment be entered against CHRISTMANN, finding her liable to GCS for indemnification for the entire amount of any judgment, including punitive damages and attorney's fees.

        Respectfully submitted,
        GC SERVICES L.P.

        By:    s/Ashley L. Narsutis
                One of their attorneys

12225881v1 864701

Ashley L. Narsutis, EDMo. 123368
HINSHAW & CULBERTSON LLP
701 Market Street, Suite 1300
St. Louis, MO 63101-1843
(314) 241-2600 Phone
(314) 241-7428 Fax
anarsutis@hinshawlaw.com

12225881v1 864701